## Lewis v. Commonwealth.

(Decided February 19, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Branch).

1. Intoxicating Liquors—Evidence Held Sufficient to Warrant Conviction for Unlawful Sale.—In a prosecution for unlawful sale of intoxicating liquors in violation of the Rash-Gullion Act, evidence held sufficient to sustain a conviction.

2.  Intoxicating Liquors—Instruction Held to Cover All Law of Case.
    —In prosecution for selling intoxicating liquors in violation of
    the Rash-Gullion Act, instructions, if jury believed from the evi-
    dence beyond a reasonable doubt that defendant willfully and
    unlawfully sold a half pint of intoxicating liquors, not for sacra-
    mental, medicinal, scientific, or mechanical purposes, to find de-
    fendant guilty, and if there was any reasonable doubt from the
    evidence of the guilt of the defendant, to find him not guilty, held
    to cover all the law of the case.

HUGGINS & OLDHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K.
BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

The grounds urged for a reversal of the judgment
of conviction in this case, are: (1) Error of the court in
overruling appellant's motion for a directed verdict of
not guilty; (2) error in failing to instruct the jury on the
whole law of the case.

The charge against appellant, preferred by warrant,
is selling intoxicating liquors in violation of the Rash-
Gullion act. He was convicted both in the city court and
in the Jefferson circuit court, and adjudged to pay a fine
and serve a jail sentence. From the judgment of the
latter court, he appeals.

The transcript of evidence includes the testimony
given by Sergeant W. I. Lispcomb and officer Joe Mc-
Gregor of the police force of the city of Louisville, and
Dr. Vernon Robbins, chemist. Sergeant Lispcomb di-
rected officer McGregor to go to the place of business of
appellant Lewis on 18th street, and buy a half pint of
moonshine whiskey. Appellant was operating a soft
drink stand and restaurant. McGregor entered the place
about 7:30 in the morning and called for a half pint of
whiskey. Without returning a word, appellant, accord-
ing to the evidence of McGregor, handed him a half pint
of liquor, whereupon the witness McGregor gave him
seventy-five (75c) in payment therefor. The half pint
of whiskey was introduced as evidence and was shown
by analysis to contain alcohol in such great quantities
as to be highly intoxicating. The witness proved it to be
moonshine whiskey. The evidence of officer McGregor
made out a clear case of selling intoxicating liquors in
violation of our present statutes. The evidence of

Sergeant Lispcomb corroborated that of the other officer, by showing he went with McGregor to near the business place of Lewis and waited until McGregor entered the place and later came to the door with appellant in charge, having in his possession a half pint of liquor which he exhibited to the sergeant, and in the presence of appellant Lewis announced he had purchased it from Lewis and had arrested him on the charge of selling liquor in violation of law. They also showed that the reputation of Lewis for trafficking in intoxicating liquors was bad.

The defendant introduced no evidence in his behalf. Upon the evidence given by the officers the court instructed the jury in substance that if it believed from the evidence beyond a reasonable doubt that the appellant Lewis, in Jefferson county, within six months before the 10th of January, 1923, the date of the warrant, wilfully and unlawfully sold to McGregor a half pint of intoxicating liquors not for sacramental, medicinal, scientific or mechanical purposes to find him guilty as charged in the warrant. The court also instructed the jury that if it had a reasonable doubt from the evidence of the guilt of the defendant to find him not guilty. This was all the law of the case.

Relying upon the evidence of the officers and following the instructions of the court, the jury found him guilty and fixed his punishment at a fine of $100.00 and thirty (30) days in jail. There appears to have been no defense whatever to the case. Appellant did not testify or offer evidence. The evidence for the Commonwealth was entirely sufficient to warrant the jury in finding appellant guilty, and the instructions were regular in all respects.

We find no error to the prejudice of the appellant. Judgment affirmed.